# WILLIAM ROGERS MANUFACTURING COMPANY *vs.* WILLIAM ROGERS AND ANOTHER.

In contempt for violation of an injunction, the amount of fine and duration of imprisonment to be inflicted are within the sole discretion of the court which issued the injunction, and no court of review has any control over the matter.

The imprisonment should be in the common jail, and the limitation provided for punishment of contempts in the presence of courts (Gen. Stat., tit. 12, ch. 5, § 106) has no applicaton to contempts by disobedience to the orders and decrees of courts of chancery.

In addition to fine and imprisonment, the penalty may also be enforced by *scire facias* in favor of the petitioner, in cases where an act is prohibited under a penalty to be paid to him.

In case of a violation of a temporary injunction, the fine cannot be divided between the state and the petitioner, but the party in contempt should not be discharged without payment to the petitioner of the costs and expenses of the proceedings on the attachment.

Whether the fine could be so divided in case of the violation of a perpetual injunction, *quære.*

General evidence regarding the damage suffered by the petitioner is admissible for the purpose of showing the character of the alleged contempt.

Evidence of other acts of contempt than those charged is in general inadmissible. If however the party accused seeks to mitigate his offence, by showing that he acted under innocent mistake, or by inadvertence, evidence might be proper to show the purpose and spirit of the party in doing the acts specifically charged.

Evidence to prove that the allegations of the original bill are untrue, for the purpose of affecting the extent of punishment, is inadmissible.

Injunctions ought to be made plain, distinct and specific, and no respondent is to be entrapped into a contempt by vague and general orders. But where a petition for an injunction against the use of certain trade-marks, described the trade-marks particularly, and the injunction forbade the respondents from "issuing, and delivering any bill, invoice, or other written or printed paper having thereon the representation of *said* trade-marks." Held that the injunction by reference to the petition was sufficiently explicit.

Rogers Manufacturing Co. *v.* Rogers.

PETITION FOR AN ATTACHMENT for contempt for violation of a temporary injunction against the use of certain trade marks and a trade name.

The Superior Court found the respondents guilty of the alleged contempt, and reserved the following questions for the advice of this court, viz:

1. What amount of fine or imprisonment, or what other punishment, it is within the discretionary power of the Superior Court, or of the judge of said court before whom the proceedings in relation to the attachment have been heard, to inflict, and whether, if a fine is imposed, it may legally be divided and apportioned between the injured petitioners and the state, in the discretion of said judge or said court.

2. Whether, in determining the amount of fine, evidence should be admitted to show what damage the petitioners claim to have suffered from the acts of contempt alleged.

3. Whether, if such evidence be admissible, evidence of other damage claimed to be sustained by the petitioners from other acts of contempt than those alleged in said application, should be admitted in evidence.

4. Whether evidence of any other acts of contempt than those so alleged should be received.

5. Whether, upon said hearing, the respondents, to affect the amount of punishment, had a right to prove that the allegations in the original bill in equity were not true.

6. Whether said injunction is sufficiently specific in its statement of the acts which it commands not to be done, and whether it should not have specifically described the trade marks otherwise than as is done by a general reference to the bill.

*R. D. Hubbard* and *Chamberlin*, for the petitioners, cited *Ex parte Kearney*, 7 Wheat., 38; *Ex parte Fernandez*, 10 C. B. (N. S.), 3; *Ex parte Chetwynd*, 4 Amer. Law Reg. (N. S.), 298, (March, 1865); 2 Swift Dig., 144, 254, 359, 360; 4 Bla. Com., 285; *The People* v. *Compton*, 1 Duer, 512; Gen. Stat., tit. 18, ch. 1, sec. 1; *Lyon* v. *Lyon*, 21 Conn., 185.

Rogers Manufacturing Co. *v.* Rogers.

*O. H. Platt* and *C. E. Perkins,* for the respondents, cited *United States* v. *Wayne,* 1 Wall. C. C., 134 ; *Buffum's Case,* 13 N. H., 14 ; *Munroe .v. Bradley,* 1 Cranch C. C., 158 ; *Potter* v. *Muller,* 2 Fisher Pat. Cas., 631 ; *United States* v. *Duane,* 1 Wall. C. C., 102 ; *Ex parte Langdon,* 25 Verm., 680 ; *Sullivan* v. *Judah,* 4 Paige, 444 ; *Moat* v. *Holbein,* 2 Edw. Ch., 188 ; *Byam* v. *Stevens,* 4 id., 119 ; Hilliard on Injunctions, ch. 1, § 87 ; *Partington* v. *Booth,* 3 Merrivale, 148 ; *Williamson's Case,* 26 Penn. St. R., 18, 19.

SEYMOUR, J. In this case a temporary injunction was issued restraining the respondents from the use of certain trade marks, and from the use of a certain trade name. Other acts were also enjoined against, but it is not necessary to state more at length the character of the injunction. On the 19th of July, 1870, the petitioners filed their petition for an attachment against the respondents for contempt. The petition alleges several gross violations of the injunction, and on a hearing before the Superior Court the allegations of the bill are found true, and it is also found that the respondents have not in any manner excused or justified their contempt ; and certain questions are thereupon reserved for our advice.

1. What amount of fine or imprisonment, or what other punishment, is within the discretionary power of the Superior Court to inflict.

In reply to which, we think the amount of fine and duration of imprisonment are within the sole discretion of the Superior Court, and no court of review has any control over the matter. As to any other punishment than by fine and imprisonment, we are not aware that any other is within the practice of the court, and none other has been suggested as appropriate or called for. The imprisonment is of course to be in the common jail, and not elsewhere. The limitation provided for punishment of contempts in the presence of courts (Gen. Stat. tit. 12, ch. 5, § 106) has no application to contempts by disobedience to the orders and decrees of courts of chancery.

In addition to fine and imprisonment, the penalty may also be enforced by *scire facias* in favor of the petitioner, in cases

where an act is prohibited under a penalty to be paid to him, for the fine and imprisonment are merely punitive, inflicted, as other punishments are inflicted, for the public good, in order to secure obedience to lawful authority.

This last consideration is, we think, decisive upon the second question reserved, to wit, whether, if a fine is imposed, it may be legally divided between the injured petitioner and the state.

Whatever practice may prevail elsewhere, we are not aware of any case in Connecticut where the fine has been thus divided. In case of a final decree after the rights of the parties have been fully settled, such a partition might perhaps be made without much difficulty, but where, as in this case, the injunction is temporary, and the rights of the parties are still in litigation and undecided, it would be difficult to know whether the petitioner was injured at all, and if any, how much. An inquiry on this subject might involve the entire merits of the controversy, and the court sitting only to punish a contempt of its own order, would incidentally be drawn into a trial of the case at large, without pleadings and without definite issues being formed. We are not disposed therefore to advise a partition of the fine between the state and the petitioners. We however think it right that the party in contempt should not be discharged, without payment to the petitioners of the costs and expenses of the proceedings on the attachment.

The next question submitted to us is whether, in determining the amount of fine, evidence should be admitted to show what damage the petitioners have suffered from the acts of contempt alleged.

We have already seen that this damage is not to be compensated by a share of the fine. The evidence therefore has no direct bearing, but indirectly the extent of the damage may tend to show the character of the alleged violations, and if the injury is trifling, the punishment would naturally be light. General evidence regarding the damage seems to us therefore not inadmissible.

Another question submitted relates to the admissibility in

Rogers Manufacturing Co. *v.* Rogers.

evidence of other acts of contempt than those charged. Evidence of this kind is in general inadmissible. If however the party accused seeks to mitigate his offence, by showing that he acted under innocent mistake, or by inadvertence, then evidence might be proper to show the purpose and spirit of the party in doing the acts specifically charged.

Another question is whether the respondents may be permitted to affect the extent of punishment, by showing that the allegations of the original bill are not true.

We think such evidence inadmissible. Because if the allegations are untrue, the respondents may apply, and ought to apply, to procure a modification of the injunction, or to set it aside. This relief is abundantly open to them under our practice. A party may not disobey the mandate of the court, and then attempt to excuse his disobedience by showing that the mandate was unfounded, unless indeed the injunction is on its face irregular and void. A party in contempt must first purge himself from the contempt before he can be heard in his defence on the merits, and on petition for attachment the order of the court is taken to be regular and well founded.

The remaining question is whether the injunction is sufficiently explicit in its statement of the acts which it prohibits.

The respondents are right in saying that they cannot be punished for disobedience to an order which is so general that they cannot know from it what restraints it imposes on their conduct. Injunctions ought to be made plain, distinct and specific. No respondent is to be entrapped into a contempt by vague and general orders. The petition itself describes the trade marks with particularity, both those which the petitioners claim as belonging to them, and those which the respondents are using in imitation; and the injunction, among other things, forbids the respondents " from issuing and delivering any bill, invoice, or other written or printed paper, having thereon the representation of *said* trade marks, or either of them, or of said firm name." The entire injunction clearly shows that " said trade marks" refers to those set out particularly in the petition. There is, we think, no difficulty in understanding what trade marks are enjoined against.

But the respondents claim it to be a rule to be always adhered to, that the injunction must be complete in itself, and may not refer to the petition, and be helped out by what there appears. It may be, well, and we think it is well, to make the injunction full and perfect in itself without referring to anything else. But references to the petition are very common, and often save repetitions that would be tedious and useless, and are not so objectionable that we can hold the injunction on that account too vague to be enforced, especially as in this case upon referring to the petition the meaning is obvious, and could not we think have been misunderstood by the respondents.

The Superior Court will conform its decree to the foregoing advice.

In this opinion the other judges concurred.