## REMINGTON RAND, INC.

vs.

## TYPEWRITER ASSEMBLERS' LODGE #616 OF THE INTERNATIONAL ASSOCIATION OF MACHINISTS, ET AL.

Superior Court        Middlesex County            File #6924

Present:   Hon. EARNEST SIMPSON. Judge.

Carlos Ellis, Jr.;
Daniel D. Morgan,          Attorneys for the Plaintiff.

Cornelius J. Danaher;
Morris H. Wrubel,          Attorneys for the Defendants.

## MEMORANDUM FILED SEPTEMBER 18, 1936.

SIMPSON, J.   It is the contention of the respondents in these cases that they should be dismissed upon the grounds, substantially stated, as the Court understand them, (1) that they are criminal cases, and that the Court is without power, upon the petition of the Plaintiff, and order issued thereon by a Judge of this Court, to punish them as and for a criminal contempt.   (2) for the want of a sufficient affidavit to the accompanying petitions, even if the Court should find any one or more of them guilty of contempt as alleged in the petitions.

In regard to the second of these in view of the fact all of the defendants have appeared, filed answers and been fully and fairly heard upon the matters in issue, the Court holds that the claim, made at this time, is without merit. Even if the manner in which the cases have been brought to the attention of the Court be irregular that irregularity,

in view of the foregoing, may be overlooked, and the matters proceeded with by the Court as a proceeding on its own motion.

**Welch vs. Barber, 52 Conn. 147, 157.**

Whether a contempt procedure is civil or criminal in nature has been a question of much discussion in the cases. For the most part the question has arisen in cases where the right of review on writ of error has been questioned. The cases seemingly hold, especially in the Federal Courts, that if it is a civil proceeding it cannot be so reviewed, while if it is a criminal proceeding it may be so reviewed. This particular question, however, is not before the Court.

The respondents base their claims upon the ruling made in the case of **Gompers vs. Bucks Stove and Range Co., 221 U.S. 418.** The opinion states certain factors which distinguish civil and criminal contempt proceedings. The Court in that case held it to be a case pending in equity. The Court in that case in discussing whether a contempt proceeding be civil or criminal said, **page 441,**

"It is not the fact of punishment but rather its character and purpose that often seems to distinguish between the two classes of cases."

and at **page 448,**

"The classification then depends upon the question as to whether punishment is punitive, in vindication of the Court's authority, or whether it is remedial by way of a coercive imprisonment or a compensatory fine payable to the complainant."

After examining the petition and record in that case, the Court came to the conclusion upon a complaint filed by the Plaintiff in that case praying that Gompers and others be adjudged in contempt of court, "and for such relief as the nature of its case may require," was a civil proceeding and that the only relief, if any which "the nature of the petitioner's case", permitted was the imposition of a fine payable to the Bucks Stove Company, and that there was a "departure—a variance—between the procedure adopted and the punishment imposed, when in answer to a prayer for remedial relief, in the equity case, the Court imposed a punitive sentence appropriate only to a proceeding at law for

criminal contempt." This the Court held to be fundamentally erroneous.

In reaching its conclusion that the proceedings were of a civil nature, the Court referred to the facts as they appeared in the record, stating, among other matters, "that in the first place the petition was not entitled 'In re U.S. vs. Gompers, et al'" or "In re Samuel Gompers, et al", as would have been proper, and, according to some decisions, necessary, if the proceedings had been here at bar for criminal contempt. This is not a mere matter of form, for manifestly every citizen, however untrained in the law, by mere inspection of the papers in contempt proceedings ought to be able to see whether it was instituted for private litigation or for public prosecution, whether it sought to benefit the complainant or vindicate the Court's authority. He should not be left in doubt as to whether relief or punishment was the object in view. He is not only entitled to be informed of the nature of the charge against him, but to know that it is a charge, and not a suit. U.S. vs. Cruikshank, 92 U.S. 542, 559.

"Inasmuch, therefore, as proceedings for civil contempt are a part of the original cause, the weight of authority is to the effect that they should be entitled therein. But the practice has hitherto been so unsettled in this respect that we do not now treat it as controlling, but only as a fact to be considered along with others."

From the above citation from the Gompers case it is clear the Court did not consider the fact the petition was brought in the name of the Plaintiff in the original case and was prosecuted by its attorneys were controlling factors in its decision of the case, but the fact equitable relief was sought against the respondents, and that they were not fairly apprised of the fact they were being charged with criminal contempt for which jail sentences might be imposed, and that during the trial they were deprived of certain rights which they would have in a criminal contempt proceeding. It is no authority for the claim that the Plaintiff in the original case may not call the facts to the attention of the Court and ask that the respondent be adjudged in contempt of Court, if the Court decides, after hearing, that punishment should be imposed.

In the case at bar, while the petition for an order to show

cause was presented in the name of the Plaintiff, and under the caption of the original case, no equitable or other relief was asked in behalf of the Plaintiff but only that respondents be "adjudged and declared in contempt of court", and the respondents were fully apprised and informed of the nature of the complaints against them, and each has filed an answer to the specific allegations of the petition and been fully heard with reference thereto. They therefore have been deprived of no constitutional rights.

The practice in this state has never been definitely settled as to how a person violating an order of the Court should be brought before it for punishment. It is true it has been stated that for criminal contempt, not committed in the presence of the Court, the proper course is for some informing officer to bring it to the attention of the Court. **Gorham vs. New Haven, 82 Conn., 153, 155**, and also states the procedure in civil contempt cases. See also **Welch vs. Barber, 52 Conn. 147.** In **Rogers Mfg. Co. vs. Rogers, 38 Conn., 121**, which was a case parallel in substance to the present cases, and while the manner of instituting the proceeding was not raised, the Supreme Court advised this Court that it could impose a sentence of fine and imprisonment, or both, and that the amount of the fine or imprisonment was within the discretion of the Court.

In the case of **Welch vs. Barber, 52 Conn., 147, 157:**

"The process in this case was begun and carried on to the end as a civil case, in the name of the Plaintiff in the suit pending. That was irregular. But the irregularity might be overlooked and the matter treated as a proceeding by the Court of its own motion upon the suggestion of the Plaintiff, were it not for the fact that the Defendant on Trial was denied some rights and deprived of some privileges to which a party in a criminal proceeding is clearly entitled."

In the cases at bar the respondents have been denied no privileges to which a party may be clearly entitled, such as referred to in the above case, nor any others that have been called to the attention of the Court.

This is not a Court of equity, nor is the Plaintiff seeking any equitable relief, as in the Gompers case. It is a Court of law making inquiries as to whether an injunctional order

issued by a Judge of this Court has been violated and if so whether the parties, if any, violating it are subject to punishment by the Court. The Court has been and is of the opinion the proceedings had before it are criminal in nature, and has heard them upon the theory, especially those involving individuals who are not parties to the original action. But whether civil or criminal it seems to the Court altogether unreasonable to hold that it cannot entertain a petition of the party plaintiffs to have a person cited in, for reasons stated, and "adjudged and declared" in contempt of its orders, on the proper orders of a Judge of this Court; provided of course the party ordered to be cited in is given full and timely notice of the nature of the charges against him, and a full and fair opportunity to be heard, and has been heard upon an answer to the petition. If they are civil proceedings, then under the Rogers case there appears no reasonable reason, if found guilty, why they may not be punished as and for that contempt, either by fine or imprisonment, as this Court was advised in the Rogers case. If the cases are criminal, and the manner in which they are brought to the attention of the court is irregular, as we stated in **Welch vs. Barber, supra,** that is an irregularity which may be overlooked.

To hold a person for contempt for violating an injunctional order it must fairly appear that he had actual notice of the terms of the order and that he violated it after having such knowledge. Even a person not a party to the original suit may be so held, and if he violated the order for the purpose of furthering the objects and purposes of those enjoined, he becomes to that extent their agent and representative. **6 R. C.L. (contempt) section 16, o. 504 and cases cited.**

The oral motion to dismiss the various cases is therefore denied.