VICTORIA E. O'NEILL ET AL. *v.* CAROLINA FREIGHT CARRIERS CORPORATION

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 144629

Memorandum filed November 28, 1967

*O'Neill, Steinberg & Lapuk,* of Hartford, for the plaintiffs.

*Howard, Kohn, Sprague & Fitzgerald,* of Hartford, for the defendant.

PALMER, J. Upon motion of the plaintiffs that the defendant show cause why it should not be adjudged in contempt of court and punished therefor, an order to show cause issued, and the parties have been fully heard on the motion and a more specific statement filed by the plaintiffs in response to a motion therefor which was granted by the court.

On February 20, 1967, the court *(Klau, J.)* adjudged that the defendant, its officers, servants,

agents and employees be commanded and enjoined, under penalty of $1000, to wholly desist and refrain, inter alia, from the following at its freight terminal in the town of East Windsor, to wit: (1) "Loading or unloading on the docks on the northerly side of the defendant's terminal between the hours of 11:00 p.m. and 6:00 a.m.;" and (2) "[r]unning any motor on the northerly side of its building between the hours of 11:00 p.m. and 6:00 a.m." The court denied defendant's motion for a stay of the operation of the injunction until a final decision in the Supreme Court, and the Supreme Court denied defendant's motion for a review of the trial court's denial of a stay of injunction pending the appeal. *O'Neill* v. *Carolina Freight Carriers Corporation,* 155 Conn. 714. The injunction is therefore in force and effect until the appeal is decided by the Supreme Court.

The plaintiffs have established the allegations contained in their more specific statement, namely, (1) that on Wednesday, May 31, 1967, between 11 p.m. and 11:30 p.m., a truck was loaded on the north side of the defendant's terminal, and (2) that on Monday, August 7, 1967, between 4:15 a.m. and 6 a.m., refrigerator cooling units were running on parked vehicles on the north side of the terminal. These acts were in violation of the injunction, and therefore the court adjudges the defendant to be in contempt of court by reason thereof.

"The penalty to be imposed rests in the discretion of the court. *Rogers Mfg. Co.* v. *Rogers,* 38 Conn. 121, 123. It should be adapted and determined with regard to the circumstances, character, and extent of the violation. *Lawton* v. *Herrick,* 83 Conn. 417, 428." *International Brotherhood* v. *Commission on Civil Rights,* 18 Conn. Sup. 426, 431 *(Alcorn, J.);* 17 C.J.S., Contempt, §§ 92, 98.

The evidence offered at the hearing on the plaintiffs' motion disclosed that the defendant caused notices containing references to the terms of the injunction to be posted in locations in its terminal where they would be most likely to come to the attention of the drivers and plant personnel of the defendant. One of the notices contained the following: "The instructions listed below must be complied with by every employee in every case. Carolina Freight Carriers will take appropriate disciplinary action against those who fail to follow these instructions." Furthermore, verbal instructions to comply with the injunction were given to all the employees.

The fact that violations did occur despite the defendant's efforts to comply may well indicate that additional steps could and should have been taken, but it does not appear that the defendant's officers or supervisory agents were responsible for the violations or countenanced them in any way. The court feels that the defendant made a bona fide effort to require its employees to respect and comply with the terms of the injunction, albeit not a wholly successful one, and this fact is entitled to great weight in the assessment of penalties for the violations which occurred. The court "has a special duty to exercise its extraordinary power with the utmost sense of responsibility and circumspection. In determining the amount of punishment to be imposed, the court will take into consideration the surrounding facts and circumstances, and will act with great care and deliberation in order that no injustice may be done." 17 C.J.S. 278, Contempt, § 98.

Enter judgment that the defendant is guilty of contempt and that it be fined the sum of $50 for the violation committed on May 31, 1967, and fined the sum of $150 for the violation on August 7, 1967, said sums to be paid to the state of Connecticut.