[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs seek an order adjudging the defendant Commissioner of Revenue Services in contempt of a judgment of this court compelling him to comply with the terms of the judgment, and requiring him to pay the costs of hearing this motion and reasonable attorney's fees.
The facts, as stipulated by the parties, are as follows. In 1985 plaintiffs appealed to the Superior Court from the Commissioner's determination of their Connecticut corporation business tax liability for the years 1982 and 1983. Settlement conferences were held by the parties which resulted in a settlement agreement being reached on February 25, 1986. The agreement provided that the pending appeal was to be terminated' and the parties "release each other from all liabilities and disputes set forth in the [appeal] on the following terms:" Plaintiffs to pay to the Commissioner $39,344.95, which in fact was paid; (2) "Commissioner agrees that the audits for taxpayers' tax years 1982 and 1983 are closed and no further tax liabilities, interest or penalties are due or will be claimed by the Commissioner from the Taxpayers" (underlining added); (3) plaintiffs may apply a particular method of CT Page 1701 depreciation for subsequent years; (4) judgment to be stipulated to in accordance with the terms of the agreement; and (5) upon entry of the stipulated judgment, the appeal will be fulled [sic] and finally terminated, including all of the issues raised therein." A judgment incorporating the agreement was entered by this court on March 27, 1986.
Subsequently the United States internal revenue service examined plaintiffs' federal income tax return for the years 1982, 1983 and 1984, and adjusted plaintiffs' taxable income increasing it for the year 1982 by, $45,333 and for the year 1983 by $166,893.
In 1987, the Commissioner's employees examined plaintiffs' Connecticut corporation business tax returns for the years 1982 and 1983. Beginning on June 1, 1988 the Commissioner has sent monthly billing notices to the plaintiffs, indicating plaintiffs owe additional tax, penalties and interest for 1982 and 1983 tax years in the amount of $47,357.96. Plaintiffs and attorneys repeatedly requested an explanation of the billing notices in light of the settlement agreement. On February 16, 1990 the Commissioner's representative replied that the settlement agreement "did not contemplate and does not apply to assessments made pursuant to Conn. Gen. Stats. 12-226
following adjustments by the Internal Revenue Service."
A threshold issue is the Commissioner's contention that this court lacks jurisdiction because plaintiff failed to appeal the department of revenue services' notices of taxes due, pursuant to Conn. Gen. Stats. 12-237. That statute provides that "any taxpayer aggrieved because of any . . . determination . . . of the commissioner of revenue services, may, within one month after service upon the taxpayer of such . . . determination . . . take an appeal therefrom to the superior court for the judicial district of Hartford-New Britain." Normally such an appeal is an exclusive remedy and failure to pursue it deprives the superior court of jurisdiction to review an administrative agency's decision. Here, however, the issue is not the amount of the plaintiffs' tax liability for 1982 and 1983 as a result of the internal revenue service adjusting the plaintiffs' taxable income, but whether or not the Commissioner is barred from reopening those tax years in light of a judgment of this court. Because the plaintiff invokes this court's judgment and seeks to have the Commissioner held in contempt for allegedly violating that judgment, this court has jurisdiction of this proceeding.
The settlement agreement reached between the parties contained an exchange of promises: plaintiffs, who had disputed the amount of corporation business taxes due for the years 1982 and 1983, agreed to pay $39,344.95, which CT Page 1702 it did; the Commissioner agreed to close his audits of those tax years and that "no further tax liability, interest or penalties are due or will be claimed by the Commissioner from the taxpayer." The judgment incorporating the agreement not only terminated plaintiffs' pending appeal of the Commissioner's assessment of 1982-1983 taxes; the judgment was also binding, conclusive, and res adjudicata between the parties as to that claim, demand or cause of action. 46 Am. Jur.2d, Judgments 404.
The fact that the parties stipulated to the judgment does not diminish its efficacy. As the Supreme Court stated in Connecticut Water Company v. Beausoleil, 204 Conn. 38, 48
(1987). "When parties to a lawsuit voluntarily enter into a stipulated judgment, such judgment is as conclusive as if it had been rendered upon controverted facts."
Moreover, because the stipulated judgment incorporated the settlement agreement, it is presumed, "the parties intended to settle all aspects of the controversy." Gagne v. Norton, 189 Conn. 29, 4 (1983).
The Commissioner contends that he intended by the settlement agreement to close his audits of the plaintiffs' returns for the years 1982 and 1983, pursuant to 12-233, which allows him to examine taxpayers' returns for three years after they are filed, but he did not intend to preclude plaintiffs' liability as a result of adjustments made in plaintiffs' taxable income by the internal revenue service, pursuant to 12-226. That statute provides that when a taxpayers' income, profits or earnings are corrected for any income year by any United States government official, the taxpayer shall notify the Commissioner of the change and file an amended return. The Commissioner shall then determine whether the taxpayer is obligated to pay an additional tax or is entitled to a refund, and so notify him.
In construing a settlement agreement, a court gives no weight to the concealed intention of either party. Rather the court is "bound by the four corners of the stipulation. . . . The words as written, moreover, must be accorded a fair and reasonable construction. . . ." Albert Mendel Son v. Krogh, 4 Conn. App. 117, 123 (1985). "The question is not what intention existed in the minds of the parties but what intention is expressed in the language used." Kronholm v. Kronholm, 15 Conn. App. 124, 130 (1988).
Here the words are clear: "No further tax liability, interest or penalties are due or will be claimed by the Commissioner from the taxpayer." If Commissioner wanted to CT Page 1703 except from their import a future tax liability based on operation of 12-226, he could have said so. If he had done so, this court has no way of knowing whether or not the plaintiffs would have agreed. But the court does not have to speculate. The Commissioner did not express that exception and this court will not implement his unexpressed intention.
Settlement of disputes, particularly between citizens and public agencies, serve the public interest as an alternate to litigation. Such dispositions, "enable agencies to more efficiently allocate their limited resources and thereby maximize their capacity to serve the public. . . . When informal settlements are achieved they are considered binding; . . . and are strictly interpreted by the courts." Albert Mendel Son, Inc. v. Krogh, supra, 122.
It may be observed that had an adjustment by the internal revenue service reduced the plaintiffs' taxable income, the settlement agreement would have similarly barred the plaintiffs from seeking a refund on their 1982 and 1983 state corporation business tax.
It may further be observed that if the Commissioner can be estopped from acting contrary to his declaratory ruling given to a taxpayer, Kimberly-Clark Corporation v. Dubno,204 Conn. 137 (1987), a fortiori he can be prohibited from contravening a settlement agreement with a taxpayer and a judgment of this court.
The court finds the Commissioner violated its judgment by claiming that taxes for the subject years are due from the plaintiffs. When a court finds noncompliance, it has the authority, in the exercise of its equitable process, to fashion whatever orders are required to protect the integrity of the original judgment. Conn. Pharmaceutical Authority, Inc. v. Milano, 191 Conn. 555, 563-64. Although the court has the power, under 52-256 (a) when a person is found in contempt to award to the petitioner reasonable attorney's fees and fees of the officer serving the contempt citation, the exercise of that power is discretionary, Rogers Manufacturing Co. v. Rogers, 38 Conn. 121, 123 (1871), and this court declines to exercise it. Rather this court concludes that the purpose of this proceeding will be achieved and the interests of justice served by ordering that the Commissioner is prohibited from claiming or seeking from the plaintiffs any further tax payments for the tax years 1982 and 1983.
ROBERT SATTER, J. CT Page 1704