[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT
This motion was filed April 29, 1997 and heard by this court on May 19, thru May 21, 1997.
This action was brought on January 19, 1996 for a temporary and permanent injunction, fines and other penalties or to reimburse plaintiff for its costs.
The court received some late filed material which it cannot and will not consider.
FACTS
CT Page 6876
On April 24, 1996 the court issued a temporary injunction ordering defendant to do certain work on his two properties at 83 and 103 Old Windsor Road, Bloomfield, Connecticut.
On November 22, 1996 the parties entered into a Stipulated Judgment that defendant would pay plaintiff the lump sum of $50,000 as damages, costs, penalties and attorneys' fees and that he perform various items of work on his two properties for environmental reasons most of which were to be completed by December 31, 1996.
The hearing was limited to defendant's compliance with subparagraphs 2(a), 2(f), 2(g), 2(j), 2(k), 2(l), 3(a), 3 (b), 3(c), 5(a), 5(e), 6(a) and 6(b) of paragraphs 2, 3, 5 and 6 and of the Stipulated Judgment.
Those subparagraphs read as follows:
2. Wilcox shall perform the following work at 83 Old Windsor Road on or before December 31, 1996:
a. Cease all processing of concrete and bituminous concrete materials;
 f. Remove pavement on the northeast corner of property to the extent that the pavement is found to encroach on neighboring properties. (See Item 3(a) below);
 g. Cease stockpiling of materials above an elevation of one hundred seventy (170) feet above sea level. (See Item 3 (b) below);
 j. Repair silt fence in several areas such that (i) there is an eight (8) foot overlap where sections of fencing abut, and (ii) all silt fencing is in an upright and stable position;
k. Submit properly completed IWWC Application;
l. Obtain State Storm Water Discharge Permit.
3. Wilcox shall cause Alford Associates, or some other competent licensed surveyor, to perform the following work at 83 Old Windsor Road on or before December 31, 1996: CT Page 6877
 a. Install permanent concrete monuments along the property boundaries including, on each of the southeast and southwest corners, two (2) monuments depicting the points of intersection between the buffer zone lines and the property lines;
 b. Mark the existing measuring pole on the south side at an elevation of one hundred seventy (170) feet above sea level. (The pole is then to be physically cut off at this height);
 c. Complete as-built drawing of property with reference to July 28, 1994 approved site plan.
5. Wilcox shall perform the following work at 103 Old Windsor Road on or before December 31, 1996:
 a. Remove all piles of material existing on site; more specifically, a small pile of topsoil near the access road, a large pile of bituminous debris on the south boundary and a five-foot piece of concrete pipe in the weeds on the south boundary;
 e. Repair silt fence in several areas such that (1) there is an eight (8) foot overlap where sections of fencing abut, and (2) all silt fencing is in an upright and stable position.
6. Wilcox shall cause Alford Associates, or some other competent licensed surveyor, to perform the following work at 103 Old Windsor Road on or before December 31, 1996:
 a. Install permanent concrete monuments along the property boundaries, in accordance with the Meeting Notes and accompanying sketch dated July 24, 1996 (attached);
 b. Complete as-built grading and soil scientist flagged wetlands line plan.
By virtue of the Stipulated Judgment the injunction became permanent.
On January 2, 1997, and February 21, 1997 the plaintiff inspected both properties in regard to defendant's compliance CT Page 6878 with the Stipulated Judgment and found non-compliance on both inspections.
On March 28, 1997 WMC Consulting Engineers (WMC) inspected the properties in accordance with its authority under the Stipulated Judgment and found various items of non-compliance.
On various days between January 14 and March 20, 1997 the defendant's Engineering consultant Alford Associates, Inc. (Alford) visited and worked on the site. In addition, that firm worked on various drawings or plans for the two sites.
As of January 2, 1997 the defendant had failed to comply with the Stipulated Judgment as to the following subparagraphs:
2a
2f
2j
2k
2l
3a
3b
3c
5a
5d
5e
6a and
6b
On May 16, 1997 the plaintiff inspected both properties.
As of May 15, 1997 the defendant had completed the work required by subparagraphs 3b and 5d but no other required work CT Page 6879 listed in the above subparagraphs was completed. This is clear non-compliance with the injunction. The court finds the defendant guilty of civil contempt.
LAW
 I. Criminal or Civil Contempt
There are two statutes to consider, Connecticut General Statute § 51-33 and § 51-33a. The first is for contempt of court in the presence of the court. That is not our situation. The second is for criminal contempt of court, (1) in the presence of the court, (2) so near the court as to obstruct justice or (3) misbehavior by an officer of the court. We are not concerned with that statute.
The common law is also involved. Welch v. Barber,52 Conn. 147, 156.
Our case concerns a civil contempt as it is one "where an injunction is disregarded" Id. 156.
"The limitation provided for punishment of contempts in the presence of the courts (Gen. Stat. Tit. 12, Ch. 15, § 106) has no application to contempts by disobedience to the orders and decrees of courts of chancery." Rogers Manufacturing Co. v.Rogers, 38 Conn. 121, 123.
The court finds that the defendant failed to comply with the injunction of the court pursuant to a stipulated judgment from January 1, 1997 thru May 15 1997 and assesses a penalty of $2500 per week for the twenty weeks and partial week of non-compliance.
Judgment for plaintiff for $50,000.
The court will hear the parties in regard to attorneys' fees and costs.
Norris L. O'Neill, J.