EZRA C. CHURCH *vs.* WESLEY U. PEARNE ET AL.

First Judicial District, Hartford, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and GAGER, Js.

The record of a court held by a justice of the peace in this State im‑
ports verity as to all judicial proceedings before him which were
within his jurisdiction.
Every act recited in such a record is presumed to have been properly
and rightly done, until the contrary appears.
Proceedings for a criminal contempt of court should conform as nearly
as possible to proceedings in criminal cases.
Under the provisions of our Constitution (Art. I, §§ 8–10) a warrant of
arrest for a criminal contempt of court, not committed in its
presence, can issue only upon probable cause supported by written
charges, preferred on oath or affirmation. The absence of such
charges deprives the warrant of the character of legal process, and
leaves the court without jurisdiction to proceed against the al‑
leged offender, unless he should voluntarily submit to its author‑
ity.
Whether a justice of the peace, when holding court, has power to
punish for acts of contempt not committed in his presence, *quœre.*
For such acts committed in his presence, while holding court, he
has such power, under General Statutes, Rev. 1902, § 506.
Pleading a general denial and also a justification, is improper, when
the latter is the only real defense.
A defense may be demurred to in part and the residue denied.
Where two or more defendants unite upon the same ground of defense,
they must stand or fall together.
A "reply" can never be entitled as a "defense." If it contain a para‑
graph questioning the sufficiency of matters pleaded in the answer,
it should be entitled "reply and demurrer."

Church *v.* Pearne et al.

Denials, separately paragraphed, may properly be joined in the same pleading with matters in avoidance.

A court authorized to punish " by fine and imprisonment," may inflict either as well as both.

When the existence of certain papers is in issue, the originals are admissible in evidence, regardless of their validity or legal effect.

Argued October 8th, 1902—decided January 7th, 1903.

ACTION for false imprisonment, brought to the Superior Court for Middlesex County. The defendants answered, justifying, one as a justice of the peace and the other as a deputy-sheriff, under a sentence of the plaintiff by the former to imprisonment for a contempt of court. A demurrer to the material part of this defense was overruled (*Prentice, J.*). The plaintiff then replied, and the reply was held insufficient on demurrer (*Prentice, J.*). Issues of fact were then joined by an amended reply and found for the defendants, on which judgment was rendered in their favor (*Case, J.*). *Error, judgment set aside and cause remanded.*

*Charles E. Perkins* and *Rollin U. Tyler*, for the appellant (plaintiff).

*E. P. Arvine* and *Frank D. Haines*, for the appellees (defendants).

BALDWIN, J. A court held by a justice of the peace is in this State a court of record. His record, therefore, of any judicial proceedings which have taken place before him, and were within his jurisdiction, imports verity, and its statements cannot be collaterally questioned. *Holcomb* v. *Cornish*, 8 Conn. 375, 381. Every act recited in such a record is presumed to have been properly and rightly done, until the contrary appears. *Fox* v. *Hoyt*, 12 Conn. 491, 496; *O'Connell* v. *Hotchkiss*, 44 id. 51, 54.

The answer in the case at bar, admitting the imprisonment of which the plaintiff complains, justifies it under a record*

---

* To the Sheriff of the County of Middlesex, his deputy, or either Constable of the Town of Chester within said County, Greeting:

By authority of the State of Connecticut, you are hereby commanded

of certain proceedings in court, before one of the defendants
as a justice of the peace, resulting in a finding that the plain-
tiff had been guilty of a contempt of court and a sentence

to arrest the body of Ezra C. Church of said Chester and him have to
appear forthwith before me, the subscriber, a Justice of the Peace duly
elected and qualified in and for the County of Middlesex, now holding
court for the trial of criminal causes in the town of Chester, at the town
hall in said Chester, to show cause, if any he have, why he should not
be adjudged guilty of contempt and punished therefor, toward W. U.
Pearne, Justice of the Peace, on the 26th day of May, 1898, while said
Justice of the Peace, having been duly elected and sworn in and for
said Middlesex County, was holding a court at said Chester in which
the trial of Egbert G. Emmons for the crime of perjury committed in
said town of Chester before said justice court prior thereto was pend-
ing by legal continuance from the 21st day of May, 1898, at the town
hall of said Chester to the 26th day of May at the same place at half-
past eight o'clock in the morning, by refusing and neglecting, as one
of the selectmen of said town of Chester and having the charge and
control of said town hall, to have said town hall unlocked and opened
for the purpose of continuing said trial, and by ordering and direct-
ing said town hall not to be opened for the said purpose without
a written order from him, the said Church, and by refusing and neg-
lecting to open said town hall or to cause the same to be opened for the
purpose aforesaid when notified so to do by a deputy sheriff of said
Middlesex County acting under the authority of said justice of the
peace, and by returning a contemptuous answer to the notification so
sent by the said justice as aforesaid and delivered by said deputy sher-
iff. Hereof fail not, but of this precept with your doings thereon en-
dorsed due service and return make.

Dated at Chester this 31st day of May, 1898.

WESLEY U. PEARNE,
Justice of the Peace within and for Middlesex County.

State of Connecticut, }
Middlesex County.   }

CHESTER, May 31, 1898.

By authority of the foregoing warrant, I arrested the body of the
within-named Ezra C. Church, and have him before Justice W. U.
Pearne.

JAMES A. JONES,
Deputy Sheriff of Middlesex County.

At a court holden before me on the 21st day of May, 1898, at the
town hall in Chester, in Middlesex County, a certain cause then pend-
ing, wherein Egbert G. Emmons, of said Chester, was under prosecution
for the crime of perjury, was continued by me until the 26th day of

Church *v.* Pearne et al.

imposed therefor of committal to the county jail.   These pro-
ceedings were an incident of a criminal prosecution against
one Emmons, and were themselves of a criminal nature.   " A
criminal contempt is conduct that is directed against the dig-
nity and authority of the court, and a proceeding for its pun-
ishment should conform as nearly as possible to proceedings
in criminal cases.   When the court has knowledge of the con-
tempt as it occurs, it will of its own motion proceed to punish
it; but, when witnesses are required to prove it, the proper
course is for some informing officer to bring it to the atten-
tion of the court."   *Welch* v. *Barber*, 52 Conn. 147, 157.  · The
record pleaded in the case at bar does not show that any in-

---

May following, at half-past eight o'clock in the forenoon, at the said
town hall.   Upon endeavoring to comply with said continuance and
proceed with said hearing, it was found that the said town hall was
locked and entrancebarred; where upon the hearing of said cause was
adjourned to the office of Joseph E. Silliman, Esq., in said Chester,
and then proceeded with, from which time and place it was further
continued until May 31st following, at half-past ten o'clock in the fore-
noon, at the said town hall, at which time and place Ezra. C. Church,
of said Chester, was brought before me, by legal precept issued by me,
to show cause, if any he had, why he should not be adjudged guilty of
contempt of court and punished therefor, in that he, the said Church,
as one of the selectmen of said town of Chester, and having the charge
and control of said town hall, refused and neglected to have said town
hall unlocked and opened for the purpose of continuing the trial of
the said Emmons, and ordered and directed said town hall not to be
opened for said purpose without a written order from him, the said
Church, and refused and neglected to open said town hall or to cause
the same to be opened for the purpose aforesaid when notified so to do
by a deputy-sheriff of said Middlesex County, acting under authority
of me, a justice of the peace, and by returning a contemptuous answer
to the notification so sent as aforesaid.

Said Church, having been afforded full opportunity to purge himself
of said contempt, failed and neglected so to do, and he was adjudged
guilty of having committed the acts charged, with intent to impede and
embarrass the due administration of justice, and of contempt.

Whereupon it was ordered that he be sentenced to be imprisoned in the
county jail at Haddam for the period of thirty days, unless sooner dis-
charged by due course of law, and a mittimus was issued and delivered
to the officer accordingly.

WESLEY U. PEARNE,
Justice of the Peace.

formation or complaint was filed, nor that the original warrant was based upon any affidavit. Nor, so far as appears, were any of the acts charged committed either in the presence of the court before which the cause against Emmons was pending, or of the justice of the peace by whom such court was held. If any of them had been so committed, or if any information, complaint, or affidavit had been filed, it is to be presumed that facts so important would have been stated, in view of our statute that "all courts shall keep a record of their proceedings, and cause the facts on which they found their final judgments and decrees to appear on the record." General Statutes, Rev. 1902, § 763. The record must therefore be read as if the charges related to matters not lying in the personal knowledge of the defendant Pearne as a justice of the peace. Unless, then, the plaintiff admitted the truth of the charges, it was necessary that this should be established by evidence. *Welch* v. *Barber*, 52 Conn. 147, 156.

The record indicates that the justice of the peace considered that it was incumbent on the plaintiff to go forward and purge himself of the contempt charged. No such duty rested upon him unless it was legally charged, and no acts not within the personal knowledge of the magistrate holding the court could be legally charged, unless by some form of written accusation. The warrant, by virtue of which the plaintiff was arrested, recited the same charges which are set forth in the judgment. Not only, however, was it supported by no complaint or affidavit, but it contained no direction to read or give a copy of it to the plaintiff; and the officer's return upon it states simply the arrest. Our Constitution provides that no warrant to seize any person shall issue without probable cause supported by oath or affirmation; that in all criminal prosecutions the accused shall have the right to be confronted by the witnesses against him, and shall not be deprived of liberty but by due course of law; and that no person shall be arrested, detained or punished, except in cases clearly warranted by law. Art. I, §§ 8, 9, 10. Our statute (General Statutes, Rev. 1902, § 506), that "any court may punish by fine and imprisonment any person who shall, in its presence, behave

contemptuously or in a disorderly manner; but no justice of the peace shall inflict a greater fine than seven dollars, nor a longer term of imprisonment than thirty days," relates only to acts of contempt committed in the presence of the court, and leaves all others to be dealt with according to the course of the common law. *Huntington* v. *McMahon*, 48 Conn. 174, 196. It necessarily implies that a justice of the peace has power to deal with such acts committed in his presence while holding court. In such case he can proceed without any preliminary complaint or warrant, for the offender is already before him and the facts constituting the offense are within his knowledge. *Middlebrook* v. *State*, 43 Conn. 257, 268. But if he have power to punish for acts not committed in his presence,—a point which we do not decide—it can only be when he proceeds in due course of law, that is, upon written charges, of which the party accused has had reasonable notice. *Tracy* v. *Williams*, 4 Conn. 107, 113; *Welch* v. *Barber*, 52 id. 147, 156.

The absence of such charges, preferred on oath or affirmation, went to the jurisdiction of the court. Assuming that there was jurisdiction over the subject-matter, and a right to issue a warrant for the plaintiff's arrest, there was no jurisdiction of the cause, that is, of the proceedings for contempt, for want of an essential prerequisite, namely, probable cause shown by oath or affirmation, before the issue of the warrant. *Grumon* v. *Raymond*, 1 Conn. 40, 47; *Allen* v. *Gray*, 11 id. 95, 102. This violation of the constitutional rights of the plaintiff deprived the warrant of the character of legal process. His appearance before the justice court was no waiver of his rights, for it was compelled by force. He was a stranger to the cause then on trial. There having been no legal process to bring him under the jurisdiction of the court, and no voluntary submission to it, the proceedings resulting in the sentence of committal were *coram non judice.*

The answer contained two separate defenses. The first was a general denial, and the second set up the justification which has been considered, with averments in other paragraphs to the effect that the defendant Jones was prevented

from serving the mittimus issued upon the judgment, by the discharge of the plaintiff on a writ of habeas corpus, and that the trespass complained of was his arrest under the original warrant.

It was improper thus to plead a general denial. General Statutes, Rev. 1902, § 609; Rules of Court, p. 48, § 159. The defendants knew that they had caused the imprisonment of the plaintiff, and that they were responsible to him for it unless they had a legal justification.

The plaintiff filed a pleading entitled a "Reply" to the second defense, demurring to the justification pleaded, and denying the paragraphs containing the other averments. This pleading should have been entitled a "Reply and Demurrer." Practice Book, p. 238, Form 458. The Superior Court properly held that issues of law could thus be raised as to part of the defense, and issues of fact as to the residue; but it erred in overruling the demurrer. Whether the complaint did or did not charge the imprisonment of the plaintiff, both under the warrant of arrest and under the mittimus, the justification was insufficient as to either. The defendant Pearne was directly responsible for any imprisonment under either process. *Tracy* v. *Williams*, 4 Conn. 107, 113. The pleadings in defense were joint. By thus uniting with the defendant Pearne the defendant Jones put himself upon the same ground, and both must stand or fall together. *Smith* v. *Bouchier*, 2 Strange, 993; *Middleton* v. *Price*, ibid. 1184. It is therefore unnecessary to inquire whether otherwise either the warrant or the mittimus could have been a protection to the officer who served them.

After the justification had been held sufficient by the Superior Court, an amended reply to the second defense was filed, divided into two separate pleadings, the second being entitled a "Second Defense." This division was improper. *Freeman's Appeal*, 71 Conn. 708, 717; Rules of Court, p. 50, § 166. Nor can a reply to an answer ever be entitled as a defense.

This reply admitted that the defendant Pearne held court as a duly-qualified justice of the peace at Chester on May 31st

for the trial of a criminal cause, and that he issued the mittimus and gave it to the defendant Jones, a duly-qualified deputy-sheriff. It denied the same averments which were denied in the original reply, and also that the plaintiff was brought before said Pearne while he was holding court, and that any of the alleged acts of contempt had been committed. It also averred that the warrant was issued without any previous complaint or affidavit; that Pearne had no personal knowledge of the matters recited in it as acts of contempt; that the plaintiff was in no way a party to or connected with the prosecution against Emmons; that no opportunity was given him to show cause why he should not be adjudged guilty of contempt; and that the sentence was void because no fine was imposed.

On demurrer the reply was held insufficient upon various grounds. One was duplicity, because denials, though separately paragraphed, were joined in the same reply with matters in avoidance. Such a joinder is proper. Rules of Court, p. 50, §§ 165, 166; *Freeman's Appeal*, 71 Conn. 708, 717. Another was because it was an attempt to contradict a judicial record. For reasons already stated, there was no such record. Another ground was that a justice court can punish for contempts not committed in its presence. If so, it could be no protection to the defendant Pearne as to proceedings which, as has been seen, were, as to him, upon their face *coram non judice*.

Another ground that it was unnecessary to impose a fine, was properly held sufficient to meet the paragraph to which it applied. The statute (General Statutes, Rev. 1902, § 506) authorizing the punishment of contempts "by fine and imprisonment," justifies a sentence to either. The greater includes the less.

The cause finally went to trial on the first defense and another amended reply to the second defense, admitting that Pearne was a justice of the peace and Jones a deputy-sheriff; denying the rest of the defense; and also specifically denying that there was any such record as that set up, and that what was set up constituted a record of judicial proceedings.

On the hearing the Superior Court admitted in evidence, against the plaintiff's objection, the original papers set up by the defendants as a justification. Evidence on his part to show that none of the alleged acts of contempt were committed, and that both the warrant and mittimus were issued without any previous complaint, information, affidavit, or other evidence, was offered and excluded.

There was no error in admitting in evidence the original papers. Their existence was alleged and denied. It could therefore be proved. Their admission did not affirm their character as constituting a judicial record. The judgment in favor of the defendants, however, did, and was therefore erroneous. The want of jurisdiction being apparent on their face as against the defendant Pearne, and the defendant Jones having joined with him in pleading, the evidence offered by the plaintiff was immaterial.

There is error, the judgment is set aside, and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.