TIMOTHY J. McCARTHY *vs.* PHILIP HUGO, SHERIFF.

Third Judicial District, Bridgeport, April Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

Conduct directed against the dignity and authority of the court is a criminal contempt.

Upon a trial· before the Town Court of Branford for selling liquor in violation of law, the accused, during a brief recess to await the arrival of an interpreter for a witness then on the stand, and while the judge was in his retiring-room directly behind the bench, purloined from the table in front of the prosecuting officer a bottle of whiskey which the State intended to show he had illegally sold, and substituted for it a similar bottle containing ginger ale, in order to impose upon the court and defeat the prosecution. *Held:*—

1. That this was a criminal contempt and that the act was committed in the "presence" of the judge.

2. That such court had jurisdiction to punish such contempt by imposing a fine of $7 and an imprisonment of thirty days.

3. That inasmuch as witnesses might be required to prove the alleged act of contempt, it was proper for the offense to be called to the attention of the court by an informing officer.

4. That it sufficiently appeared from the information filed by such officer that the contempt charged was committed in the presence of the court.

Proceedings for the punishment of contempts should generally conform, as nearly as possible, to proceedings in criminal cases.

Argued April 13th—decided July 20th, 1909.

APPLICATION for a writ of *habeas corpus* to determine the legality of the plaintiff's commitment for contempt of the Town Court of Branford, brought to and tried by the *Hon. Earnest C. Simpson*, a judge of the Court of Common Pleas in New Haven County; facts found and judgment rendered for the defendant, from which the plaintiff appealed. *No error.*

*James D. Hart*, for the appellant (plaintiff).

*Robert C. Stoddard*, for the appellee (defendant).

McCarthy v. Hugo.

HALL, J. Upon the issues raised by the defendant's return to the writ of *habeas corpus* and the subsequent pleadings, the following facts were found by agreement in the trial court:—

On January 11th, 1909, the case of State *v.* Timothy J. McCarthy, charged with violation of the liquor law, was on trial before the Town Court of Branford, in the town court-room in said town. The judge of said court was on the bench holding said court. Inside the rail of said court-room proper, there were also present the deputy-judge and clerk of said court, the prosecuting attorney, a constable, acting as officer of said court, the court stenographer, the counsel for said McCarthy, and the defendant McCarthy. The court was formally opened. McCarthy was put to plea and plead not guilty. All of these aforesaid persons were seated about the lawyers' table, which was placed directly in front of the bench, with the exception of officer Bradley, who occupied the officer's chair, and the judge who was on the bench. The prosecuting attorney was seated at the end of the table, and, after court had opened, he took from his pocket a bottle of whiskey, which, it appeared in evidence, had been delivered to him as prosecuting attorney, and placed it on the table directly in front of him, which bottle was to be used in the trial of the case as an exhibit, the State claiming that this bottle contained the whiskey that was illegally sold by said McCarthy. The trial of the case proceeded; one witness being called, his testimony taken, and dismissed; another witness was then called. As he was a foreigner and could not speak the English language intelligently, an interpreter was sent for. When the interpreter was sent for, the court ordered a short recess, and left the bench and stepped into the judge's retiring-room which opens directly from the bench and from the court-room. When the prosecuting attorney was not looking, McCarthy took said bottle of whiskey and placed a similar bottle containing ginger ale

upon the table at the place where the bottle of whiskey had been. McCarthy then left the court-room and did not return the bottle of whiskey.

Upon the 15th of January, 1909, the petitioner, McCarthy, was arrested upon a warrant issued upon the information of the prosecuting attorney charging him with having, during the progress of a certain criminal cause, then and there on trial before said Town Court, wilfully, contemptuously and with intent to deceive, insult and impose upon the court, and obstruct and prevent the due administration of justice, taken said bottle of whiskey in the manner above stated.

It appeared by the mittimus, signed by said judge of the Town Court and made a part of the defendant sheriff's return to the writ of *habeas corpus*, that McCarthy was found guilty of said acts of contempt, and was ordered to pay a fine of $7, and the costs taxed at $29.71, and be imprisoned in the New Haven jail for the period of thirty days. Upon these facts the Court of Common Pleas dismissed the writ of *habeas corpus*.

"Contempts are openly to insult or resist the powers of the court, or the persons of the judges, or to do acts which may lead to a general disregard of their authority, and from their nature require a summary interposition to preserve order in the court, and maintain the dignity of the judges." 2 Swift's Dig. 380. A criminal contempt is conduct that is directed against the dignity and authority of the court. *Church* v. *Pearne*, 75 Conn. 350, 353, 53 Atl. 955. Upon the facts recited McCarthy was clearly guilty of a criminal contempt. He purloined from the prosecuting officer a material instrument of evidence, and substituted for it a false one, in order to impose upon the court and defeat the prosecution of a criminal case. His corrupt act was committed in the court-room and while the court was in session. The court had been opened and had not been adjourned. The recess was a mere suspension of the pro-

ceedings of the trial which it was known might be resumed at any moment. The court officers had not been excused, but remained in attendance in the performance of their duties. The judge, though not on the bench, was present in his retiring-room ready to proceed with the trial upon the arrival of an interpreter for a witness who had already been called to the stand. The act was committed in the presence of the judge. In *State* v. *Smith*, 49 Conn. 376, 383, we held that the presiding judge at a criminal trial was present in court when he had withdrawn for a few moments to an ante-room directly back of the bench, but was within hearing of the proceedings in court. In *Savin, Petitioner*, 131 U. S. 267, 9 Sup. Ct. Rep. 699, the alleged contempt consisted of an endeavor in the jury-room, used as a witness-room, and in the hallway of the court-house, to bribe and prevent from testifying a person who was in attendance at court as a witness in behalf of one of the parties to a suit then being tried. It was held that the misbehavior was in the presence of the court, and that the court when in session was present in every part of the place set apart for its own use and the use of its officers, jurors and witnesses.

The Town Court of Branford had jurisdiction to punish the contempt by the sentence of fine and imprisonment imposed. Section 506 of the General Statutes provides that "any court may punish by fine and imprisonment any person who shall, in its presence, behave contemptuously or in a disorderly manner; but no justice of the peace shall inflict a greater fine than seven dollars, nor a longer term of imprisonment than thirty days; and no other court shall inflict a greater fine than one hundred dollars, nor a longer term of imprisonment than six months." This statute limits the penalty for contempts in the presence of the court. *Welch* v. *Barber*, 52 Conn. 147, 156. As McCarthy's misconduct was in the presence of the court it is applicable to this case.

The manner of procedure by information and warrant, does not affect the question of whether the act of misbehavior was in the presence of the court. *Savin, Petitioner,* 131 U. S. 267, 277, 9 Sup. Ct. Rep. 699. Proceedings for the punishment of contempts should generally conform as nearly as possible to proceedings in criminal cases, and when witnesses are required to prove the act of contempt, it is proper for an informing officer to bring the offense to the attention of the court. *Church* v. *Pearne,* 75 Conn. 350, 353, 53 Atl. 955. It appears sufficiently clearly from the information filed that the contempt charged was committed in the presence of the court.

There is no error.

In this opinion the other judges concurred.