### MILDRED E. BROWN
### vs.
### HAROLD H. BROWN

Superior Court     New Haven County     File #41917

MEMORANDUM FILED MARCH 21, 1938.

L. Erwin Jacobs, of New Haven, for the Plaintiff.

John H. Sheehan, of New Haven, for the Defendant.

BOOTH, J.   The motion as filed seeks in the first place to have the defendant adjudged in contempt of this Court for failure to comply with an order to pay alimony, and in the second place to have a motion for the modification of alimony dismissed.

The matter was heard ex parte as neither the defendant nor his counsel appeared, and the evidence offered consisted of statements by the plaintiff concerning claimed arrearages in alimony augmented by a letter sent to the plaintiff by the defendant, and a written statement of the defendant's employer concerning his recent earnings.

It appeared that on January 19, 1934, this Court rendered judgment for the plaintiff decreeing a divorce of the plaintiff and the defendant, awarding the custody of two minor children to the plaintiff, and ordering the defendant to pay the plaintiff ten dollars weekly as alimony.   On February 4, 1938, an attorney purporting to represent the defendant filed a motion wherein it was sought to secure a modification of the aforesaid order concerning alimony.   On February 9, 1938, the present motion was filed.   So far as appeared no copy of this latter motion was served on the defendant or his counsel, nor was any notice of any kind given them thereof except

perhaps that which his purported counsel might have received in the Short Calendar list which carried a legend that the motion was pending. Such being the situation, the motion that the defendant be adjudged in contempt of Court must be denied at this time. Before a person can be found guilty of contempt not committed in the presence of the Court he must have due and reasonable notice of the proceedings. A rule to show cause or other process should issue. 13 C.J., pp. 68, 69; 2 Swift's Digest, 358; *Church vs. Pearne,* 75 Conn. 350; *Sherwood vs. Sherwood,* 32 id. 1; *Lyon vs. Lyon,* 21 id. 185. It is the opinion of the Court that to proceed otherwise would be in violation of article 1, sections 8, 9 and 10 of the Constitution of Connecticut.

It cannot be said that the defendant by filing his motion for modification of alimony submitted himself to the jurisdiction of the Court for the purposes of the plaintiff's motion. If he had actually appeared in court at the present hearing a different situation would have been presented, but as he did not and apparently had no notice to appear, he cannot legally be adjudged in contempt upon the facts presented.

In so far as the motion to dismiss the defendant's motion for modification is concerned, this must likewise be denied at this time for this latter motion was not before the Court for action, it not being upon the Short Calendar at the time. If disposition of this motion is desired it should be claimed for the Short Calendar, and if the plaintiff desires to proceed upon her motion for contempt she need only apply for a citation and order which, if properly served upon the defendant, will afford a sufficient basis for future action but, as the matter now stands, all parts of the present motion are denied without prejudice to proceed as above outlined.