## State of Connecticut *v.* H. LeRoy Jackson

Baldwin, C. J., King, Murphy, Mellitz and Shea, Js.

Argued November 4, 1959—decided February 2, 1960

*Victor M. Gordon* and *H. LeRoy Jackson,* for the appellant (defendant).

*James J. O'Connell,* prosecuting attorney, for the appellee (state).

SHEA, J. This case comes before us upon a stipulation of facts. The defendant, a member of the bar of this state, was, while representing a client in a civil action before the City Court of Danbury, summarily fined for a contempt committed in the presence of the court. He appealed to the Court of Common Pleas, which dismissed the case for lack of jurisdiction. From that judgment he has appealed to this court.

The defendant claims to have a right of appeal to the Court of Common Pleas from the action of the City Court of Danbury under the provisions of § 54-12 of the General Statutes, which provides in part as follows: "Any person convicted . . . by any municipal court of any offense may, within forty-eight hours of such conviction, appeal from the judgment . . . of such court to the next criminal term of the court of common pleas to be held in the county in which the offense is alleged to have been committed . . . ." The defendant takes the position that contempt of court is a crime, that he was convicted of "an offense" within the meaning of § 54-12, and that his only remedy by way of appeal or review was in the Court of Common Pleas. In support of this position he relies upon *Welch* v. *Barber,* 52 Conn. 147, 157, where the court pointed out that conduct which is directed against the dignity and authority of the court is classified as a criminal contempt and a proceeding for its punishment should conform as nearly as possible to proceedings in criminal cases.

Contempt is a disobedience to the rules and orders of a court which has power to punish for such an

offense. *Welch* v. *Barber,* supra, 155; 2 Swift, Digest, p. 358. Contempt may be civil or criminal in character. *Welch* v. *Barber,* supra, 156; *Huntington* v. *McMahon,* 48 Conn. 174, 196. A civil contempt is one in which the conduct constituting the contempt is directed against some civil right of an opposing party and the proceeding is initiated by him. *Lyon* v. *Lyon,* 21 Conn. 185, 198; *Rogers Mfg. Co.* v. *Rogers,* 38 Conn. 121, 123; *German* v. *German,* 122 Conn. 155, 161, 188 A. 429. Criminal contempt is conduct which is directed against the dignity and authority of the court. In such a case, the court may punish the offender on its own motion, without the presentation of any charge, formal or otherwise, and solely upon facts within its own knowledge. When the offense is committed in the presence of the court, punishment may be imposed at once. This power inheres in, and is essential to, any court, in order that it may be enabled to administer justice. *Middlebrook* v. *State,* 43 Conn. 257, 268; *Tyler* v. *Hamersley,* 44 Conn. 393, 412. Without the power, a court would be helpless against persons disposed to obstruct, delay or thwart it. *Goodhart* v. *State,* 84 Conn. 60, 63, 78 A. 853. In this class of contempt, the proceedings are criminal in nature but do not constitute a criminal prosecution. *State* v. *Howell,* 80 Conn. 668, 671, 69 A. 1057; *Middlebrook* v. *State,* supra, 267. They are for an offense against the court as an organ of public justice and not for a violation of the criminal law. *Goodhart* v. *State,* supra.

In this state, punishment for contempt committed in the presence of the court is regulated by statute. General Statutes § 51-33. The statute applies where no process is required to bring the offender into court. All other cases of contempt are "ascertained

and punished according to the course of the common law." *Huntington* v. *McMahon,* supra. An adjudication of contempt is final and may be reviewed only on questions of jurisdiction such as whether the court had authority to impose the punishment inflicted and whether the act or acts for which the penalty was imposed could constitute a contempt. *Goodhart* v. *State,* supra. When the contempt is in the presence of the court, there is no written charge or complaint, and therefore there is no opportunity for the one who is punished to protect his rights unless the facts found are spread upon the judgment file. Hence, it is essential that the jurisdiction of the court appear on the face of the judgment. The judgment should contain the facts upon which the conclusion of contempt is based. *Goodhart* v. *State,* supra, 94.

The word "offense" in § 54-12, especially when read in the light of § 54-16,[1] must be construed as meaning "criminal offense." When the defendant was fined for a contempt committed in the presence of the court, he was not convicted of a criminal offense within the meaning of § 54-12. The Court of Common Pleas was correct in dismissing, for lack of jurisdiction, his appeal to that court.

There is no error.

In this opinion the other judges concurred.

---

[1] "Sec. 54-16. JURISDICTION OF COMMON PLEAS COURT ON APPEALS. The court of common pleas . . . shall have jurisdiction to hear and determine all criminal cases appealed from the judgment of any municipal court . . . ."