KENNETH MOORE *v.* STATE OF CONNECTICUT

SPEZIALE, C. J., HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued December 10, 1981—decision released February 9, 1982.

*Donald D. Dakers,* assistant public defender, for the appellant (plaintiff).

*Linda K. Lager,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Mary M. Galvin,* assistant state's attorney, for the appellee (state).

PARSKEY, J. The plaintiff-in-error (plaintiff) has brought a writ of error to this court seeking a reversal of the judgment of the Superior Court, finding him in contempt of court and imposing a definite term of imprisonment of six months. The writ raises three issues, namely, (1) whether the plaintiff's conduct constituted a contempt, (2)

whether the plaintiff had a right to be tried pursuant to the provisions of General Statutes § 51-33a, and (3) if General Statutes § 51-33 is the applicable statute, whether it is constitutional. Because at oral argument the first issue was withdrawn, our consideration is limited to the remaining issues.

The present case, which involves a review of a summary criminal contempt proceeding, comes before us on a writ of error which is the sole method of review of such proceedings. *Whiteside* v. *State,* 148 Conn. 77, 78–79, 167 A.2d 450 (1961); *Goodhart* v. *State,* 84 Conn. 60, 63, 78 A. 853 (1911). The scope of our review reaches only those matters appearing as of record. *State* v. *Assuntino,* 180 Conn. 345, 347, 429 A.2d 900 (1980); *Reilly* v. *State,* 119 Conn. 217, 223, 175 A. 582 (1934). In a review of summary criminal contempt, the inquiry is limited to a determination of the jurisdiction of the court below. *Tyler* v. *Hamersley,* 44 Conn. 393, 413 (1877). Subsumed in this inquiry are three questions, namely, (1) whether the designated conduct is legally susceptible of constituting a contempt; *Goodhart* v. *State,* supra; (2) whether the punishment imposed was authorized by law; *State* v. *Jackson,* 147 Conn. 167, 169, 158 A.2d 166 (1960); and (3) whether the judicial authority was qualified to conduct the hearing. *Mayberry* v. *Pennsylvania,* 400 U.S. 455, 465–66, 91 S. Ct. 499, 27 L. Ed. 2d 532 (1971).

The record discloses that "for disobeying an order of a judicial authority given in the course of a criminal proceeding, pursuant to Connecticut Practice Book, Section 986 (4),"[1] the plaintiff was

---

[1] "[Practice Book] Sec. 986. ———WHO MAY BE PUNISHED. The judicial authority may punish by fine or imprisonment or both:

(1) Any person who in the court's presence behaves in a contemptuous or disorderly manner; (2) Any person who violates the

adjudged in contempt and sentenced to imprisonment for the term of six months. The record further reveals that the plaintiff, who had been called as a witness for the state in a criminal prosecution, took the witness stand and thereafter refused to answer certain questions asked of him by the state when ordered to do so by the court, even though after consultation with his counsel it was stipulated that none of the required answers concerned matters about which he could claim a privilege.

Criminal contempt consists of conduct that is directed against the dignity and authority of the court. *State* v. *Jackson,* supra; *Welch* v. *Barber,* 52 Conn. 147, 157 (1884); Practice Book § 985. The proceedings are criminal in nature because they are for an offense against the court as an organ of justice. *State* v. *Jackson,* supra; *Goodhart* v. *State,* supra.

The plaintiff concedes that the unjustifiable refusal of a witness to answer proper questions before a judicial tribunal constitutes a criminal contempt. *United States* v. *Wilson,* 421 U.S. 309, 316, 95 S. Ct. 1802, 44 L. Ed. 2d 186 (1975); *McCarthy* v. *Clancy,* 110 Conn. 482, 497, 148 A. 551 (1930). He claims, however, that he was entitled to the full benefit of a criminal trial, including the right to have the proceeding heard by a judge other than the one before whom the contumacious conduct occurred, as provided for in General Statutes § 51-33a. This claim is not well taken. While it is true that a

dignity and authority of any court, or any judicial authority, in its presence or so near thereto as to obstruct the administration of justice; (3) Any officer of the court who misbehaves in the conduct of his official court duties; or (4) Any person disobeying in the course of a civil or criminal proceeding any order of a judicial authority."

proceeding for the punishment of criminal contempt should conform as nearly as possible to the proceedings in criminal cases, including the presumption of innocence, proof beyond a reasonable doubt and the privilege against self-incrimination; *Board of Education* v. *Shelton Education Assn.,* 173 Conn. 81, 86, 376 A.2d 1080 (1977); *McTigue* v. *New London Education Assn.,* 164 Conn. 348, 356, 321 A.2d 462 (1973); *Welch* v. *Barber,* supra; this does not mean that all criminal contempt proceedings are the functional equivalent of criminal prosecutions. Some criminal contempts may be dealt with summarily without offending the guarantees of due process of law. *United States* v. *Wilson,* supra; *McCarthy* v. *Clancy,* supra.

"Where a contempt occurs in the presence of the court, no witnesses are required in proof of the contempt, and the court has inherent power to impose punishment on its own knowledge and of its own motion without formal presentation or hearing of the person adjudged in contempt. *State* v. *Jackson,* 147 Conn. 167, 169, 158 A.2d 166 [1960]; *McCarthy* v. *Hugo,* 82 Conn. 262, 266, 73 A. 778 [1909]. Section 51-33 of the General Statutes provides that in such a case no court shall inflict a greater fine than $100 or a longer term of imprisonment than six months." *Whiteside* v. *State,* supra, 78. So long as the punishment is kept within the six-month term provided by § 51-33,[2] the court's jurisdiction to impose such punishment summarily is clear.

---

[2] "[General Statutes] Sec. 51-33. PUNISHMENT FOR CONTEMPT OF COURT. Any court may punish by fine and imprisonment any person who in its presence behaves contemptuously or in a disorderly manner; but no court shall inflict a greater fine than one hundred dollars or a longer term of imprisonment than six months."

Finally, the plaintiff challenges the constitutionality of § 51-33 because of its apparent repugnance to § 51-33a. Although the basis of this challenge is obscure, we need not address the constitutional issue because the two statutes can be, and therefore must be, harmonized so that both may be operative. *Hirschfeld* v. *Commission on Claims*, 172 Conn. 603, 607, 376 A.2d 71 (1977).

Section 51-33, the origins of which go back to 1821; see *United States* v. *Barnett*, 376 U.S. 681, 702-705, 84 S. Ct. 984, 12 L. Ed. 2d 23, reh. denied, 377 U.S. 973, 84 S. Ct. 1642, 12 L. Ed. 2d 742 (1964); limits the punishment which may be imposed for criminal contempt committed in the presence of the court. Section 51-33a,[3] on the other hand, although containing similar language, was designed to serve an entirely different purpose. In January, 1971, the United States Supreme Court held that where the contumacious conduct involves a personal attack on the judge, and where the judge does not act when the contempt is committed but waits until the end of the trial, due process requires that the criminal contempt proceeding be heard by a judge other than the one reviled by the contemnor. *Mayberry* v. *Pennsylvania*, supra, 466. Section 51-33a, which was enacted by the 1971 General Assembly; Public Act No. 71-779; in response to *Mayberry*; 14 H. R. Proc., Pt. 13, 1971 Sess., pp. 5979–81; was designed to

---

[3] "[General Statutes] Sec. 51-33a. CRIMINAL CONTEMPT. Any person who acts in such a manner as to violate the dignity and authority of any court in its presence or so near thereto as to obstruct the administration of justice, or any officer of any court who misbehaves in the conduct of his official duties shall be guilty of contempt and shall be fined not more than five hundred dollars or imprisoned not more than six months or both. No person charged with violating this section shall be tried for such violation before the same judge against whom the alleged contempt was perpetrated."

accomplish the same result by statute.[4] Section 51-33a did not specifically repeal § 51-33 nor is it so repugnant to the latter statute that it can be held to have repealed it by implication. *New Haven Water Co.* v. *North Branford,* 174 Conn. 556, 565, 392 A.2d 456 (1978). The "overlap" of the two statutes in respect to contempts occurring in the presence of the court allows the court to proceed to resolve such matters summarily during trial in accordance with § 51-33, as the trial court did here, or, in an appropriate situation, to defer the adjudication to a later time so that proceedings under § 51-33a may be instituted in accordance with § 990 of the Practice Book.

There is no error.

In this opinion the other judges concurred.

---

[4] James F. Bingham stated: "Mr. Speaker, I rise in support of this bill. This bill is a result of the case of Fairberry [sic] against the State of Pennsylvania wherein Chief Justice Burger stated that there were other means to cope with grave misconduct in the courtroom, whether that of the accused or his counsel or spectators or others. Statutes defining obstruction of justice have long been in force in many states with penalties measured in years of confinement. Mr. Speaker, this is a good bill. It conforms with the United States Supreme Court decision. It provides that the judge who tries the case does not have to sit in contempt and that the person who is in contempt of court and tries to obstruct justice in the United States, may receive a jury trial. Mr. Speaker, this is a good bill and should pass." 14 H. R. Proc., Pt. 13, 1971 Sess., p. 5980.