[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff, Lawrence Bellonio, is a twenty-nine year old, mentally retarded man who currently resides at Connecticut Valley Hospital, Middletown, Connecticut. Plaintiff is a client of the Department of Mental Retardation CT Page 3156 for the State of Connecticut. The defendant, Toni Richardson, is the Commissioner of the Department of Mental Retardation.
Plaintiff was placed in a state facility for the mentally ill in 1974, and has since been confined there continuously. On May 8, 1986, the Court of Probate for the District of Middletown ordered the Department of Mental Retardation to "place the plaintiff in the least restrictive environment available or which can be created within existing resources of the Department." The Department of Mental Retardation did not appeal this order.
Plaintiff was not placed by the Defendant in an appropriate setting despite the order. On September 16, 1988, the Court of Probate ordered the Department of Mental Retardation to place Plaintiff. Again, Plaintiff was not so placed. Plaintiff remains at Connecticut Valley Hospital, in the custody of The Department of Mental Health.
On November 1, 1988, the Department of Mental Retardation did, in response to the September 16, 1988 order, prepare a plan for Plaintiff which, if implemented, would comply with the order. The Department has not implemented this plan.
On April 2, 1990, Plaintiff filed a complaint with the Superior Court, Judicial District of Middlesex at Middletown, seeking an injunction compelling Defendant to abide by the Probate Court orders of May 8, 1986 and September 16, 1988 by implementing the plan developed by the Department of Mental Retardation on November 1, 1988.
Defendant, on May 10, 1990, filed a motion to dismiss the action based on the Superior Court's lack of jurisdiction over the subject matter. Plaintiff, on May 29, 1990, filed a Memorandum in Opposition to defendant's Motion to Dismiss, and an Amended Complaint.
A motion to dismiss can be used to assert the court's lack of jurisdiction over the subject matter. Conn. Practice Book Sec. 143. "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Conn. Practice Book Sec. 145.
As traditionally recognized, "(s)ubject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in CT Page 3157 question belong." Shea v. First Federal Savings and Loan Association of New Haven, 184 Conn. 285, 288 (1981). The court must rule on any contested jurisdictional issue before exercising authority necessarily dependent upon proper jurisdiction. Baldwin Piano Organ Co. v. Blake, 186 Conn. 295,297 (1982). "(W)henever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." Cahill v. Board of Education,198 Conn. 229, 238 (1985). However, "every presumption favoring jurisdiction should be indulged." Connecticut Light Power Co. v. Costle, 179 Conn. 415, 421 (1980). "The superior court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute. . ." Conn. General Statutes Sec.51-164s. "A court of probate can exercise only such jurisdiction as is expressly or by necessary implication conferred upon it by statute." Lockett v. Doyle, 148 Conn. 639,642 (1961).
 It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. Our courts of probate have a limited jurisdiction and can exercise only such powers as are conferred on them by statute. They have jurisdiction only when the facts exist on which the legislature has conditioned the exercise of their power. The Superior Court, in turn, in passing on an appeal, acts as a court of probate with the same powers and subject to the same limitations.
Heiser v. Morgan Guaranty Trust Co., 150 Conn. 563, 565
(1963) (citations omitted).
 "Any court of probate shall have the power to place any person residing in its district whom it finds to be a mentally retarded person with the department of mental retardation for placement in any appropriate setting which meets his individual habitative needs in the least restrictive environment available or which can be created within existing resources of the department. . . .
CT Page 3158
Conn. General Statutes Sec. 19a-448.
 Any person placed with the department of mental retardation pursuant to section 19a-448 may request a review of his placement by the probate court at any time after issuance of the original order of placement and once a year thereafter. Such request; shall be in writing, shall state the reasons for review and shall be made by the patient or any other person acting on his behalf. Such request shall be filed with the probate court, one copy shall be served on the commissioner of mental retardation and one copy shall be served on the person in charge of the facility in which the patient is placed. The hearing on such request shall be held within ten days, excluding Saturdays, Sundays and holidays, after the filing of such request.
Conn. General Statutes Sec. 19a-450 (b).
 At such hearing, if the court finds that the person is no longer in need of placement, it shall order the placement terminated. If the court finds that the person's placement does not adequately meet his needs in the least restrictive environment available or which can be created within existing resources of the department, it shall order the department to place such person in such least restrictive environment as the court deems available.
Conn. General Statutes Sec. 19a-450 (c).
Courts of probate are empowered "to make any lawful orders or decrees to carry into effect the power and jurisdiction conferred upon them by the laws of this state." Conn. General Statutes Sec. 45-4. "Any court may punish by fine and imprisonment any person who in its presence behaves contemptuously or in a disorderly manner; but no court may impose a greater fine than one hundred dollars or a longer term of imprisonment than six months or both." Conn. General Statutes Sec. 51-33. CT Page 3159
 Civil contempt is conduct that is directed against the rights of the opposing party, while criminal contempt is conduct that is directed against the dignity and authority of the court. McTigue v. New London Education Assn., 164 Conn. 348, 352, 321 A.2d 462 (1973). One basic distinction between civil and criminal contempt proceedings is the character and purpose of the punishment. "When the punishment is purely punitive, imprisonment for a definite term or a fine for a certain sum of money, the contempt is said to be criminal. When the punishment is a remedial or coercive measure, commitment of a contumacious party until he complies with the mandate of the court or a find until there is obedience to the court's order, the contempt is said to be civil." Board of Education v. Shelton Education Assn., 173 Conn. 81, 86, 376 A.2d 1080 (1977); McTigue v. New London Education Assn., supra.
State v. Melechinsky, 36 Conn. Sup. 547, 548 (1980).
 The summary punishment of persons who behave contemptuously or disorderly in the presence of the court is specifically authorized by General Statutes Sec. 51-33. This power has been recognized as essential to the administration of justice. "Without the power, a court would be helpless against persons disposed to obstruct, delay or thwart it." State v. Jackson, 147 Conn. 167, 169, 158 A.2d 166 (1960); Goodhart v. State, supra. A court exercises considerable discretion in dealing with contemptuous conduct occurring in its presence, and its summary adjudication is accorded a presumption of finality. "An adjudication of contempt is final and may be reviewed only on questions of jurisdiction such as whether the court had authority to impose the punishment inflicted and whether the act or acts for which the penalty was imposed could constitute a contempt." State v. Jackson, supra, 170; Goodhart v. State, supra. "From CT Page 3160 necessity the court must be its own judge of contempts committed within its presence. In such a case it may act of its own motion without any charge, formal or otherwise being presented, without evidence, and solely upon facts within its own knowledge. If it has jurisdiction, there can be no review of its action." Goodhart v. State, supra, 63; State v. Jackson, supra, 170.
Id. at 549-50.
 A contempt judgment is a reviewable final action. Where the contemptuous conduct occurs outside of the presence of the court, and the court acts on the motion of one of the parties, the contempt judgment is reviewable by appeal; Leslie v. Leslie, 174 Conn. 309, 402, 399 A.2d 747 (1978); Stoner v. Stoner, 163 Conn. 345, 359, 307 A.2d 146 (1972); and this is true even if the contempt sanctions imposed are criminal in nature.
Id. at 549.
A judge must; proceed within the parameters of due process when imposing punitive contempt measures for acts not committed in his presence.75 Conn. 350, 355 (1903).
Plaintiff filed the instant complaint seeking an in junction compelling defendant's compliance with the Probate Court orders of May 8, 1986 and September 16, 1988. Defendant contends in her motion to dismiss, that the Superior Court lacks jurisdiction over the subject matter of the complaint. Defendant argues that the enforcement of the orders is properly sought in the Probate Court of issuance.
Under Conn. General Statutes Sec. 19a-448 and 19a-450 the Probate Court maintains exclusive jurisdiction over the placement of mentally retarded persons. Upon petition, the Probate Court may, after a hearing, order the Department of Mental Retardation to place the petitioner in a less restrictive environment. Conn. General Statutes Sec. 19a-450. Conn. General Statutes Sections 45-4, 51-33 and the case law empower the Probate Court to enforce compliance with an unheeded placement order through the contempt CT Page 3161 process.
Although the Superior Court may entertain an appeal from Probate Court, the Superior Court cannot exercise concurrent jurisdiction over subject matter within the original jurisdiction of the Probate Court. Conn. General Statutes Sec. 51-164s.
Therefore, because the Probate Court has been entrusted with exclusive original jurisdiction over the placement of mentally retarded persons, the Superior Court lacks jurisdiction over the subject matter of the complaint and is prevented from granting the relief requested. Accordingly, the motion to dismiss is granted.
It is so ordered.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision. Michael Kokoszka, Chief Clerk